ANTONIA ORTIZ, as mother with *patria potestas* over her minor child JOSÉ MANUEL ORTIZ, Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. 219. Argued March 10, 1941.—Decided March 18, 1941.

*Pedro M. Porrata* and *J. C. Santiago Matos,* for appellant; *Frank Torres,* for Evangelina Rodríguez, mother of the deceased workman.

Mr. Justice De Jesús delivered the opinion of the Court.

The workman Domingo Báez died as the result of a labor accident occurred on November 21, 1938. His mother, Evangelina Rodríguez widow of Báez was adjudged his beneficiary and compensation was awarded to her. Later Antonia Ortiz, in representation of her minor child José Manuel Ortiz, appeared before the Manager of the State Insurance Fund and alleged that said minor is the posthumous child of the workman and asked that his right to a part of the compensation previously awarded to the child's grandmother be acknowledged. The Manager of the State Insurance Fund made the proper investigation, but considering that the case, because of its nature, should not be decided *ex-parte,* denied the petition of Antonia Ortiz so that she would appeal to the Industrial Commission of Puerto Rico and therein the case could be decided after hearing all the interested parties. The case having been brought before the Industrial Commission, a public hearing was held on May 14, 1940, before Commissioner Paz Granela, to whom all the evidence relative to the petition of Antonia Ortiz was submitted. On January 3, 1941, said Commissioner rendered his opinion in which, after analyzing all the testimony offered at the public hearing, he arrived at the conclusion that the minor José Manuel Ortiz is the posthumous child of the workman Domingo Báez and that as such he has the right to half of the compensation which had been awarded to the workman's mother by the order of April 5, 1939.

The other two commissioners did not accept the appraisal of the evidence made by Commissioner Paz Granela and delivered a dissenting opinion, which became the order of

the Commission, in which after analyzing the evidence and appraising it in a different manner than Commissioner Paz Granela, they denied the petition of the alleged posthumous child.

From this order the petitioner has appealed to this Court, charging that it is mistaken because to prove filiation, a degree of evidence that will prove the case *beyond reasonable doubt* is necessary, and also because since the commissioners of the majority did not see or hear the witnesses as Commissioner Paz Granela did, they could not reject the appraisal of the evidence made by the latter.

■■ The error committed by the majority in requiring in a case heard before the Industrial Commission a degree of evidence that would prove the allegations of the party who has the burden of proof beyond a reasonable doubt, is obvious. This degree of evidence is only required in criminal cases. Probably what was meant to be said was that proof in cases such as this one must be strong and persuasive. We do not believe that the commissioners who did not have the opportunity of being present at the public hearing must necessarily accept the appraisal of the evidence made by the one before whom it was held, but it is indisputable that those who did not hear or see the witnesses testify do not have the same advantages to appraise and decide the credibility of the witnesses as the one before whom the case was heard.

There being a disagreement as to the appraisal of the evidence and the error pointed out having been committed, in our opinion the order appealed from of January 3, 1941, must be annulled, and the case remanded to the Industrial Commission so that a new hearing be held before the Commission in full and then the pertinent decision be rendered according to the law and the preponderance of the evidence; and we recommend, considering the delay caused to this proceeding by all these incidents, that the case be given preference in the docket of pending cases, to others filed afterwards.